# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MERENESS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-43 SNLJ |
| | ) | |
| UNITED STATES OFFICE OF | ) | |
| PERSONNEL MANAGEMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER

On August 17, 2016, this Court granted summary judgment to plaintiff Michael Mereness on his claim for administrative review of the defendant United State Office of Personnel Management ("OPM")'s decision to deny insurance coverage for residential psychiatric treatment for plaintiff's son, N.M., after July 15, 2012. Plaintiff moved to alter the judgment (#30) on September 14, 2016. Defendant moved for relief from judgment pursuant to Rule 60(b)(6) (#34) on September 23, 2016.

## I. Defendant's Motion for Relief from Judgment

Under Federal Rule of Civil Procedure 60(b)(6), the Court may relieve a party from a judgment in case of for "any other reason that justifies relief." The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Atkinson v. Prudential Property Co., Inc*., 43 F.3d 367, 371 (8th Cir. 1994).

This memorandum presumes familiarity with this Court's August 17, 2016 memorandum (#28). Defendant suggests that the Court erred by substituting its own judgment for that of the agency, by faulting OPM for using the Plan's own definition of "medically necessary" in determining whether N.M.'s continued treatment at CALO was covered under the terms of the insurance contract, and by "redefining OPM's scope of review." (#34 at 3.) On the contrary, this Court explicitly addressed whether, in accordance with Eighth Circuit law, OPM's denial of plaintiff's claim constituted "willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case." *Bradley v. Bureau of Alcohol, Tobacco & Firearms*, 736 F.2d 1238, 1240 (8th Cir. 1984). The Court concluded, after a "searching and careful" review of the administrative record, that OPM's determination that continued residential treatment was not "medically necessary" was indeed arbitrary and capricious. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971).

The Court exhaustively detailed how OPM's denial of coverage was not supported by the administrative record. OPM's expert's statement, which was one paragraph in length, was entirely inconsistent with the administrative record's troubling, persistent references to N.M.'s self-harm and violent outbursts during relevant time periods. Defendant argues that the expert, Dr. McManus, did address those problems "generally by opining that 'the medical record indicates extended periods of behavioral stability with intermittent behavioral problems which were manageable and did not require seven day a week/24 hour per day supervision associated with residential treatment." (#34 at 6-7.) As the Court explained in its Memorandum, that conclusion stands in stark contrast to

N.M.'s psychiatrist's determinations that N.M. posed a risk of harm to himself and/or others for 22 days in July and September 2012 alone and to the fact N.M.'s violent episodes were "manageable" only through the use of physical restraints by two people. The Court is not supplanting its own judgment for OPM's; rather, the Court's review of the record led to the unavoidable conclusion that defendant's action was without consideration and in disregard of the facts and circumstances of the case. *See Bradley*, 736 F.2d at 1240.

Defendant next suggests that the Court substituted its opinion for that of OPM when the Court noted that "neither McManus nor the defendant ever address the matter of whether outpatient treatment would constitute 'treatment' for this patient at all." (*Id.*) Defendant particularly faults the Court for referring to treatment letters from N.M.'s treating physicians which predate N.M.'s admission to the residential program. Defendant invites the Court to remand the case to the agency to determine whether outpatient treatment "would have constituted treatment for N.M." The Court declines to do so. Clearly, inherent in OPM and Dr. McManus's determination was the conclusion that N.M. "could have been safely, adequately and effectively treated at a lower level of care," as that was in fact the question presented to McManus for review. The Court did not, as defendant suggests, grant plaintiff's motion for summary judgment because OPM had not actually considered "whether outpatient treatment would constitute treatment at all." Rather, the Court granted plaintiff's motion because the determination that outpatient treatment would be "safe, adequate, and effective" was contrary to the facts in the administrative record. Defendant now contends that the early treating clinicians did

3

not have the benefit of reading treatment summaries from July 2012 stating the "tremendous progress" N.M. had made; but that very same summary cited by defendant notes the "minimal" progress made in other areas. Even his "tremendous" progress toward "attachment goals" was limited to his therapist and parents. Most tellingly, the treatment summary concludes that N.M. is

> continuing to evidence emotional and behavioral patterns <u>which require the structure and therapeutic opportunity of residential treatment</u>. It is recommended he continue treatment. This recommendation is evaluated monthly.

(OMP00199 , #13-2 at 48. (Emphasis added.))

Agency conclusions are entitled to substantial deference in administrative review, but those conclusions must not be without consideration or in disregard of the facts or circumstances of the case. *See Bradley*, 736 F.2d at 1240. Here, the record showed that N.M. planned to hang himself the night of July 16, 2012 --- the very day N.M. would have been discharged under the Plan's determination. Including that date, N.M. had six incidents of self-harm and suicidal ideations through January 20, 2013. On May 4, 2013, in particular, N.M. punched a wall so hard that he broke his hand. N.M. further caused harm to others on 19 occasions from September 16, 2012 through July 27, 2013. N.M. required "escorts" six times through July 21, 2013, and his behavior appeared to regress during treatment, as indicated by episodes during which he was unreceptive to coaching by staff, including on August 8, 2012; and January 19, January 28, May 2, May 15, May 16, June 8, and July 4, 2013.

Defendant's conclusion was not only in disregard of those facts, but it appeared to actively overlook or minimize those and other facts, choosing instead to cherry-pick relatively positive statements from medical records while ignoring numerous details indicating N.M.'s unmanageable condition in those same records.

Defendant's motion fails to show extraordinary circumstances requiring relief from the judgment, is without merit, and will be denied.

## II.     Plaintiff's Motion to Alter Judgment

Plaintiff seeks to alter the judgment to order the OPM to calculate the benefits at issue. Plaintiff also asks that the Court order the OPM to "expand the administrative record" in so doing. Defendant agrees that the judgment should be altered to address this matter. However, defendant notes that it has already asked plaintiff to submit documentation supporting plaintiff's claim, i.e., bills, invoices, and statements, through the administrative claims process so that OPM can determine the amount of benefits that the Plan should pay. The Court will alter the judgment in accordance with 5 U.S.C. § 706(1)-(2) and 5 C.F.R. § 890.107(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter the judgment (#30) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for relief from judgment pursuant to Rule 60(b)(6) (#33) is **DENIED**.

Dated this __2nd__ day of December, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE